NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOREAN COMMUNITY CHURCH OF NEW JERSEY METHODIST,<br><br>                      Plaintiff,<br><br>v.<br><br>TIMOTHY HEUNGSUN CHO, JOHN AND JANE DOES 1-250 (unidentified individuals whose names are not yet known), and XYZ CORPORATIONS (unidentified entities whose names are not yet known),<br><br>                      Defendants. | **OPINION**<br><br>Civ. No. 2:11-4333 (WHW) |

**Walls, Senior District Judge**

This case concerns an internet blog purportedly set up by congregants of Plaintiff Korean Community Church of New Jersey Methodist ("KCCNJ"). Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and asserts state law claims for defamation, false light, tortious interference, and breach of contract. Defendant Timothy Heungsun Cho ("Cho"), one of the identified defendants, moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Cho also moves for sanctions against plaintiff and its attorneys for violating Federal Rule of Civil Procedure 11.

Under Rule 78 of the Federal Rules of Civil Procedure, the motions are decided without oral argument. The defendant's motion to dismiss is granted; defendant's motion for sanctions is denied.

NOT FOR PUBLICATION

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a series of allegedly harassing, threatening, intimidating, defamatory and otherwise unlawful internet postings and mass emails created by anonymous individuals at an internet site, at the address http://kccnjtalk.blogspot.com.  Compl. ¶¶ 1, 9. Plaintiff claims that these allegedly unlawful communications targeted at KCCNJ and its pastor, Senior Pastor Sungnam Choi, have caused and continue to cause serious pecuniary damages and irreparable injury to the church, its congregation and its leadership.  *Id.*  Plaintiff alleges that its investigatory attempt to trace the locations and identities of the anonymous authors of the website identified Defendant Timothy Heungsun Cho as one of the individuals responsible for the defamatory communications.  *Id.* ¶¶ 10-13.

Plaintiff brought this suit on July 27, 2011.  Plaintiff alleges several causes of action: (1) violations of federal RICO statutes 18 U.S.C. §§ 1962(c) and 1962(d) based on violations of N.J.S.A. § 2C:16-1 (New Jersey's Bias Intimidation statute), N.J.S.A. § 2C:16-1 (New Jersey's anti-harassment statute), and 18 U.S.C. § 247, which prohibits the obstruction of persons in the free exercise of religious beliefs, and state law claims for (2) libel and defamation, (3) false light, and (4) tortious interference with economic advantage.  Defendant Cho filed a motion to dismiss plaintiff's complaint.  On October 12, 2011, Defendant Cho filed a motion for sanctions against plaintiff and its attorneys pursuant to Federal Rule of Civil Procedure 11 on grounds that the pleadings lacked any legal or factual support and was intended for the improper purpose of harassing Defendant Cho.

NOT FOR PUBLICATION

## STANDARD OF REVIEW

### I. Motion to Dismiss

On a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 546 (2007) (citations omitted). Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### II. Motion for Sanctions

Pursuant to Rule 11, the Court may impose sanctions on the parties or their attorneys if they have violated subdivision (b) of the Rule. Fed.R.Civ.P.11(c). Under subdivision (b), an attorney must certify that "to the best of [his or her] knowledge…formed after an inquiry reasonable under the circumstances:" (1) papers submitted to the court are not "being presented

for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" and (4) "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." While Rule 11 sanctions are generally imposed on the attorney, under certain circumstances, it may be appropriate to impose sanctions on the client. *See* Advisory Committee Notes, Rule 11, 1983 Amendment.

The standard for imposing Rule 11 sanctions is one based upon objective reasonableness under the circumstances. *See Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir. 1991), cert. denied, 502 U.S. 939 (1991). Sanctions are appropriate only if "the filing of the Complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). "[T]he mere failure of a Complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation." *Simmerman,* 27 F.3d at 62; *see also Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 175 (3d Cir. 1993).

Bad faith on the part of the plaintiff is not required. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995) (citations omitted). However, subjective good faith on the part of the attorney is insufficient to avoid sanction. *See Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir., 1987) ("the Rule does not permit use of the 'pure heart and empty head defense.'") (internal quotations omitted). The court must examine the objective knowledge of the attorney at the time the

**NOT FOR PUBLICATION**

challenged paper was signed to determine whether the claim was well grounded in both law and fact. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 399 (1990); *Teamsters Local Union No. 430 v. Cement Express, Inc.,* 841 F.2d 66, 68 (3d Cir. 1988), cert. denied, 488 U.S. 848 (1989); *Eavenson, Auchmuty & Greenwald v. Holtzman,* 775 F.2d 535, 540 (3d Cir. 1985). An attorney must "[s]top, [t]hink, [i]nvestigate and [r]esearch before filing papers either to initiate a suit or to conduct the litigation." *Gaiardo,* 835 F.2d at 482. However, sanctions are warranted "only in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co.,* 930 F.2d at 289, (citing *Doering v. Union County Bd. Of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988)).

## DISCUSSION

**I.      Plaintiff's RICO Claims Fail as a Matter of Law**

Defendant Cho seeks to dismiss Plaintiff KCCNJ's substantive federal RICO claims because plaintiff failed to plead his participation in at least two "predicate acts" of racketeering activity. *See Banks v. Wolk,* 918 F.2d 418, 421 (3rd Cir.1990). To make a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege: 1) the conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. *Sedima v. Imrex Co.,* 473 U.S. 479, 496 (1985); *Rehkop v. Berwick Healthcare Corp.,* 95 F.3d 285, 289 (3rd Cir.1996). RICO defines a "pattern" as "at least two acts of racketeering activity" within ten years of each other. 18 U.S.C. §§ 1964, 1961(5).

Plaintiff alleges that the "acts of racketeering activity" consist of violations of New Jersey's bias intimidation statute, N.J.S.A. § 2C:16:1, New Jersey's harassment statue, N.J.S.A. § 2C:33-4, and federal statute 18 U.S.C. § 247, entitled "Damage to religious property; obstruction of persons in the free exercise of religious beliefs." These violations do not constitute predicate offenses under 18 U.S.C. § 1961(1) of the federal RICO statute. Because the

5

plaintiff has failed to allege sufficient predicate acts of racketeering, plaintiff's civil RICO claims fail.

Section 1961(1) of RICO provides a list of predicate acts that constitute "racketeering activity" under the statute. It is well established in the Third Circuit that this provision "catalogues an exhaustive list of 'racketeering activities' RICO encompasses." *Annulli v. Panikkar*, 200 F.3d 189, 200 (3d. Cir. 1999) ("RICO's list of acts constituting predicate acts of racketeering activity is exhaustive.... To read it otherwise would be to usurp the role of Congress in drafting statutes.") (overruled on other grounds by *Rotella v. Wood,* 528 U.S. 549 (2000)). More recently, the Third Circuit has expressed concerns over plaintiffs bringing RICO claims that have nothing to do with subverting crime rings or criminal syndicates, which was the congressional purpose underlying the statute. *Delrio-Mocci v. Connolly Props.*, 2012 U.S. App. LEXIS 3698 at *25, 30-31 (3d Cir. 2012) (McKee, J., concurring) ("In dressing this landlord-tenant dispute as a federal RICO claim and seeking treble damages, this plaintiff has joined countless others who have fashioned such claims out of disputes that have nothing whatever to do with subverting crime rings or criminal syndicates.").

In order to establish a RICO claim, plaintiff must first show that defendants committed two of the predicate criminal acts enumerated by RICO. *Doug Grant v. Greate Bay Casino Corp.*, 232 F.3d 173, 187 (3d Cir. 2000). None of the predicate acts listed in 18 U.S.C. § 1961(1) includes or mentions bias intimidation, harassment, or obstruction of the free exercise of religious beliefs, and plaintiff has failed to provide any authority that suggest that these crimes constitute predicate acts under RICO. Failure to plead a pattern of predicate acts is fatal to a RICO claim. *Annulli*, 200 F.3d at 200. *See also Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90

**NOT FOR PUBLICATION**

F.3d 737, 747 (3d Cir. 1996) ("Without a predicate act, plaintiff cannot possibly succeed on its federal and state RICO claims."). Plaintiff's RICO claim is dismissed without prejudice.[1]

Because plaintiff has failed to allege any predicate act upon which to base a RICO claim, the Court need not determine whether plaintiff has sufficiently plead the remaining RICO factors, including whether a RICO "enterprise" exists, whether there has been a sufficient "pattern of racketeering activity," whether there is a basis for proximate causation, and whether there is sufficient foundation for a conspiracy claim under 18 U.S.C. § 1962(d).

In light of the fact that the plaintiff's insufficient RICO claim was the sole basis for federal jurisdiction, the Court finds that it lacks subject matter jurisdiction to hear the plaintiff's remaining state law claims and dismisses them without prejudice.

## II.    Motion for Sanctions

Defendant Cho moves for Rule 11 sanctions against plaintiff and its attorneys on grounds that (1) plaintiff's RICO claims have no factual and legal support and (2) plaintiff filed its RICO claims for the improper purpose of harassing Defendant Cho. Mot. for Sanctions, 1. Defendant argues that plaintiff has failed to show a scintilla of factual or legal support for its legal claims. *Id.* at 3. Most notably, plaintiff has failed to identify qualifying predicate acts sufficient to uphold a RICO claim. *Id.* at 4. In addition, defendant asserts that plaintiff brought the RICO claims when the duration of the alleged conduct had lasted for less than twelve months, even though the federal RICO statute requires that the alleged racketeering activity have lasted for more than twelve months. *Tabas v. Tabas*, 47 F.3d 1280, 1293 (3d Cir. 1995) ("[T]his court has faced the question of continued racketeering activity in several cases, each time finding that conduct lasting no more than twelve months did not meet the standard for closed-ended

---

[1] Plaintiff suggests in its opposition to defendant's motion to dismiss that it may seek to include allegations of embezzlement and misappropriation in its RICO claims. Since the plaintiff has not made a motion to amend its complaint, the Court will not now address the potential additional allegations.

**NOT FOR PUBLICATION**

continuity."). Defendant argues that these alleged shortcomings in plaintiff's claims warrant Rule 11 sanctions because they reflect failure by the plaintiff to conduct the requisite "basic legal research" before filing its pleadings. *Id.* at 5. Defendant further argues that the allegedly "patently insufficient" RICO claims were filed for purposes of harassment, also warranting Rule 11 sanctions. *Id.* at 4.

Plaintiff and its attorneys maintain that their RICO claims are not baseless. Plaintiff argues that the New Jersey state crimes of bias intimidation and harassment, as well as the federal law prohibiting damage to religious property, qualify as predicate acts under 18 U.S.C. § 1961(1)(A). According to the plaintiff, New Jersey's laws against bias intimidation and harassment qualify as predicate acts because they are acts of extortion that are punishable by imprisonment for more than one year, and 18 U.S.C. § 1961(1)(A) of the RICO statute defines "racketeering activity" to include "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical ... which is chargeable under State law and punishable by imprisonment for more than one year." Although it is well established in the Third Circuit that the ensuing list of crimes in this statutory provision is exhaustive – and does not include bias intimidation, harassment, or damage to religious property – plaintiff's counsel's behavior and erroneous interpretation of the law is not so egregious as to warrant the imposition of sanctions. While plaintiff's RICO claims fail, the Court does not find that the suit was frivolous: plaintiff filed this suit in order to protect its religious organization and members of its community from allegedly defamatory and harassing threats. *See Gaiardo*, 835 F.2d at 485-86 (holding that to find a violation of Rule 11 when plaintiff's claims failed but the suit was not frivolous would "chill effective advocacy and run directly contrary to the Rule's language and intent.").

**NOT FOR PUBLICATION**

Defendant Cho also asserts that the Court should impose sanctions on plaintiff and its attorneys for filing the suit for purposes of harassment. The Court finds nothing in the record to support this charge. Defendant's motion for sanctions is denied.

## CONCLUSION

Defendant's motion to dismiss is granted and plaintiff's claims are dismissed without prejudice. Defendant's motion for Rule 11 sanctions is denied.

**s/ William H. Walls**
United States Senior District Judge
